UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| METROPOLITAN LIFE INSURANCE COMPANY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 1:18-cv-107-TAV-SKL |
| JOHN P. PARKER and VICTOR T. HAYDEN, | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff Metropolitan Life Insurance Company's ("MetLife") motion for relief in interpleader [Doc. 20] and motion for default judgment as to defendant Victor T. Hayden [Doc. 28]. MetLife requests leave to deposit $11,500.00 of life insurance benefits into the Court registry, and for entry of an order releasing and discharging MetLife and the Metropolitan Life and Affiliated Companies Welfare Benefits Plan (the "Plan") from any further obligations with respect to the benefits in question. MetLife further requests entry of an order granting default judgment against defendant Hayden based upon his failure to respond to the complaint or otherwise appear in this action. Neither defendant responded to either motion, and the time for doing so has long since passed. E.D. Tenn. L.R. 7.2.

The Complaint in Interpleader was filed in this case on May 23, 2018 [Doc. 1]. The summons and complaint were duly served upon defendant Victor T. Hayden on June 12, 2018 [Doc. 8]. Defendant Hayden did not file an answer, nor any other pleading as required

by law, and as a result, the Clerk entered default against him on November 14, 2018 [Doc. 25]. Accordingly, MetLife has moved for a default judgment against defendant Hayden, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

The Court finds MetLife's motions well taken and **ORDERS** as follows:

1. A Default Judgment is hereby **GRANTED** against defendant Victor T. Hayden. Defendant Hayden is not entitled to any of the disputed life insurance benefits that are the subject of this Complaint in Interpleader and is further restrained and enjoined from instituting or pursuing any claims, including future claims, in any action or proceeding in any state or United States court against plaintiff or the Plan relating in any way to the disputed life insurance benefits that are the subject to this Complaint in Interpleader.

2. MetLife is **DIRECTED** to deposit with the Clerk of Court a check for $11,500.00, representing the life insurance benefits due and payable upon the death of Henry A. Parker (the "Decedent") under the Plan, plus any applicable claim interest.

3. The Clerk is **DIRECTED** to deposit the funds into an interest-bearing account and maintain it until the Court orders otherwise.

4. Once the funds are deposited, MetLife is **DISMISSED** from this action with prejudice. MetLife, the Plan, and their respective agents, employees, administrators, representatives, and assigns are released and discharged from all

further obligations relating to the disputed life insurance benefits that are the subject of this Complaint in Interpleader.

5. Defendant John P. Parker is **DIRECTED** to file a motion for disbursement of the funds to be deposited, within **thirty (30) days** of the entry of this Order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE